UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FRANCIS X. NORDEMAN,

Plaintiff,



FILED
Dec 31 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ ArminCortez      DEPUTY

v.

UNITED STATES DEPARTMENT OF EDUCATION;
MIGUEL CARDONA, in his official capacity as Secretary of Education;
FEDERAL STUDENT AID, an office of the U.S. Department of Education;
and DOES 1–10,

Defendants.

Case No.: '25CV3853 LL    DEB
(Assigned by Clerk)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(Administrative Procedure Act, 5 U.S.C. § 706(1), and
Mandamus, 28 U.S.C. § 1361)

**INTRODUCTION**

1. This is an action for declaratory, injunctive, and mandamus relief arising from Defendants' prolonged and unlawful failure to perform a mandatory, non-discretionary duty to grant Plaintiff federal student loan forgiveness after he exceeded the statutory threshold of qualifying payments.

2. Plaintiff has been in repayment on his federal student loans since June 1999 and has made more than 317 qualifying monthly payments, surpassing the 300-month requirement for mandatory Income-Driven Repayment ("IDR") loan forgiveness.

3. Defendants have repeatedly represented—both publicly and directly to Plaintiff—that IDR loan forgiveness is automatic once eligibility is reached and requires no further action by the borrower.

4. Despite those representations, Defendants have failed to process Plaintiff's forgiveness, imposed undisclosed procedural barriers, and repeatedly redirected Plaintiff between the agency and its Servicers without issuing a final agency decision.

5. Defendants' conduct constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and warrants mandamus relief under 28 U.S.C. § 1361.

## I. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Jurisdiction is proper under the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

8. This Court has mandamus jurisdiction under 28 U.S.C. § 1361.

9. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in this District and the events giving rise to this action occurred here.

## II. PARTIES

11. Plaintiff Francis X. Nordeman is a resident of Oceanside, California.

12. Plaintiff's address is 828 Tait Street, Unit B, Oceanside, California 92054.

13. Plaintiff's telephone number is 619-852-1515.

14. Plaintiff's email address is franknordeman@yahoo.com.

15. Defendant United States Department of Education ("DOE") is the federal agency responsible for administering federal student loan programs.

16. Defendant Miguel Cardona is sued in his official capacity as Secretary of Education.

17. Defendant Federal Student Aid ("FSA") is an office within DOE charged with oversight and administration of federal student loans.

18. At all relevant times, Defendants acted through federal student loan Servicers, including Nelnet and its Sloan Servicing division, which functioned as agents and contractors of DOE and FSA.

19. Defendants DOES 1–10 are federal officers or employees responsible for the conduct alleged.

## III. STATUTORY AND REGULATORY FRAMEWORK

20. Federal law provides for mandatory forgiveness of federal student loans after a borrower makes a prescribed number of qualifying monthly payments under an IDR plan.

21. For borrowers with graduate loans, forgiveness is required and mandatory after 300 qualifying monthly payments.

22. Defendants have repeatedly stated that loan forgiveness is automatic once eligibility is reached and requires no borrower application or request.

23. Defendants have further represented that FSA reviews borrower accounts, identifies qualifying payments, and instructs Loan Servicers to apply forgiveness, without borrower initiation.

24. There is no borrower-initiated application or procedural mechanism to request IDR forgiveness.

25. Under 5 U.S.C. § 706(1), a reviewing court must compel agency action unlawfully withheld or unreasonably delayed.

## IV. STATEMENT OF FACTS

26. Plaintiff entered repayment on his federal student loans in June 1999 following graduation.

27. Plaintiff has made at least 317 qualifying monthly payments.

28. Plaintiff's loans were serviced over time by Wachovia; ACS; Conduent; Nelnet; Sloan Servicing (by Nelnet); and subsequently returned to Nelnet.

29. To Plaintiff's recollection, each servicing transfer was accompanied by notice stating that loan status had not changed and no borrower action was required.

30. Plaintiff does not recall initiating any loan consolidation prior to 2025 and reasonably relied on Defendants' representations.

31. Plaintiff recalls submitting only IDR/IBR renewals and forbearance-related forms, not consolidation applications.

32. In January and through February 18, 2025, Plaintiff contacted Sloan and FSA regarding loan forgiveness, a total, of no less than (14) times.

33. Plaintiff was informed by the FSA, for the first time, on February 18, 2025, that his loans were allegedly "commercial" and that he was therefore not eligible for forgiveness unless he consolidated.

34. Plaintiff immediately complied, submitting a consolidation application on February 20, 2025.

35. The consolidation was finalized, on or around, March 2025, returning servicing to Nelnet, whereafter, Plaintiff called the FSA and Nelnet, requesting loan forgiveness. FSA stated it would forward Plaintiff's request to the appropriate department. Nelnet stated it didn't have records before March 2025 and that Plaintiff's loans "reset" and that Plaintiff would have another 25 years of payments. No further contact was made by the FSA or Nelnet regarding Plaintiff's request for loan forgiveness, other than Plaintiff's ineligibility for loan forgiveness.

36. During consolidation, Defendants necessarily reviewed Plaintiff's loan history, including the 1999 repayment start date reflected in NSLDS.

37. Defendants knew or should have known at that time that Plaintiff exceeded the 300-payment threshold.

38. Despite this, forgiveness was not processed.

## V. ADMINISTRATIVE REQUESTS AND AGENCY RESPONSES

39. In December 2025, Plaintiff submitted at least eleven (11) formal requests or cases to FSA regarding loan forgiveness, payment counts, loan details, and review.

40. As of December 30, 2025, ten (10) of those cases have been marked closed, and the sole remaining case—concerning loan details, not forgiveness—is listed as "in review."

41. One principal case, Case No. 32626174, was closed on December 29, 2025, one day before FSA's stated fifteen-day response window expired, with the sole explanation that the matter was being referred back to Nelnet.

42. That closure contained no payment count, no forgiveness determination, and no final agency decision. Plaintiff called the FSA on December 29, 2025, regarding the case closure. The FSA representative stated "The decision isn't theirs to make."

43. Nelnet has already explicitly advised Plaintiff, numerous times, that it lacked authority to grant forgiveness and lacked records to submit, despite Nelnet's prior possession and transmission of Plaintiff's historical payment records.

44. This resulted in repeated agency-servicer "ping-ponging," with FSA directing Plaintiff to the servicer and the servicer directing Plaintiff back to FSA.

45. On December 30, 2025, FSA again informed Plaintiff in writing that borrowers who reach the required number of payments will automatically receive loan forgiveness and that FSA reviews accounts and instructs servicers to apply forgiveness.

46. Those communications did not provide a payment count, forgiveness determination, or final agency action.

47. Defendants have never issued a final agency decision granting or denying Plaintiff's loan forgiveness.

48. Plaintiff has exhausted all reasonable administrative remedies, and further efforts would be futile.

## VI. CLAIMS FOR RELIEF

### COUNT I

Administrative Procedure Act — Unlawfully Withheld and Unreasonably Delayed Agency Action

(5 U.S.C. § 706(1))

49. Plaintiff incorporates paragraphs 1 through 48.

50. Defendants have a mandatory, non-discretionary duty to grant IDR forgiveness once statutory criteria are met.

51. Plaintiff met those criteria years ago.

52. Defendants have unlawfully withheld and unreasonably delayed agency action in violation of the APA.

### COUNT II

Mandamus

(28 U.S.C. § 1361)

53. Plaintiff incorporates paragraphs 1 through 52.

54. Defendants owe Plaintiff a clear, ministerial duty to process and grant loan forgiveness.

55. Plaintiff has a clear right to relief.

56. No adequate alternative remedy exists.

57. Mandamus relief is warranted.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that Defendants have violated the Administrative Procedure Act;

B. Issue a writ of mandamus compelling Defendants to immediately process and grant Plaintiff's student loan forgiveness;

C. Order Defendants to correct all federal loan records to reflect a zero balance;

D. Declare and order that any loan forgiveness granted be effective no later than December 31, 2025, and qualify for tax-exempt treatment under the American Rescue Plan Act of 2021;

E. Enjoin Defendants from further delay;

F. Retain jurisdiction;

G. Award costs; and

H. Grant such other relief as the Court deems just.

## VIII. JURY DEMAND

58. Plaintiff seeks equitable relief only and does not demand a jury.

**DATED**: December 31, 2025

Respectfully submitted,

Francis X. Nordeman

Plaintiff, Pro Se

828 Tait Street, Unit B

Oceanside, CA 92054

Telephone: 619-852-1515

Email: franknordeman@yahoo.com